A. B. ICE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9597. Promulgated March 30, 1927.

The disallowance by the Commissioner of the deduction of a part of the amount claimed on the taxpayer's income-tax return affirmed for lack of evidence.

*Charles H. Garnett, Esq.,* and *E. R. Willson, C. P. A.,* for the petitioner.
*W. F. Gibbs, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the year 1920 of $1,218.45. The petitioner alleges

error on the part of the respondent in the denial of the deduction of a reasonable amount for depreciation of the property owned by the petitioner and used in his business.

FINDINGS OF FACT.

Prior to 1920 the petitioner acquired a quarter interest in a certain Oklahoma oil lease and a half interest in a compression plant for the extraction of gasoline from casinghead gas, which was operated by the partnership of Robinson & Ice, Tulsa, Okla. Additions to the plant were made from 1919 to 1922, as shown below. No partnership return was made for the years 1918 and 1919. The operations of the gasoline plant were accounted for in the returns of Robinson, and in the determination of his tax liability the respondent allowed deductions for depreciation of the gasoline plant of $11,707.01 for 1918 and $15,406.41 for 1919. At that time it was believed that the gasoline plant had a life in use of approximately five years, and it was contemplated that the cost of the plant should be charged off as depreciation over the five-year period. The salvage value was estimated to be 10 per cent. The cost of the plant is shown by the following:

| | |
|---|---:|
| 1918 | $57,340.44 |
| 1919 | 1,013.05 |
| 1920 | 5,107.08 |
| 1921 | 1,006.49 |
| 1922 | 360.67 |
| Total | 64,827.73 |

During the year 1923 one engine was sold for $1,150 and in 1926 the entire plant was sold for $7,500.

The schedule of actual production of the plant from the date it began operations until the date of sale was as follows:

| Year. | Total gallons produced. |
|---|---:|
| 1918 (6 months) | 54,061 |
| 1919 | 252,459 |
| 1920 | 173,194 |
| 1921 | 134,977 |
| 1922 | 103,567 |
| 1923 | 102,350 |
| 1924 | 48,910 |
| 1925 | 21,099 |
| Total | 890,617 |

In his income-tax return for 1924 the petitioner deducted from gross income $3,280.41 for depreciation on the gasoline plant. This was disallowed by the respondent in the amount of $1,308.80 and allowed in the amount of $1,971.61.

The gasoline plant was operated at a considerable profit during the years 1918 and 1919, and at a profit of $637.13 for 1920. It was operated at a loss during the years 1921, 1923, 1924, and 1925.

## OPINION.

SMITH: It is the claim of the petitioner that the reasonable depreciation allowance upon the gasoline plant for the year 1920 was $12,413.33 computed on units of gasoline produced. We have not before us the return of the partnership or the return of the petitioner for any year. The petitioner claims the right to deduct from gross income one-half of the total depreciation suffered by the plant. The record does not disclose whether the partnership claimed or was allowed any depreciation upon the plant. The conditions under which the plant was operated by the partnership are not in evidence. Depreciation upon partnership assets is deductible from gross income in partnership returns. Section 218 of the Revenue Act of 1918. The books of the partnership and of the petitioner for 1920 were audited by the respondent and a partnership return was compiled and the petitioner's return was amended based apparently upon the partnership return and upon certain adjustments made in the individual return. For lack of evidence upon this point the determination of the respondent with respect to the deficiency must be and is sustained.

*Judgment will be entered for the respondent.*